**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GERALD DAVID SHUPE, JR.,

        Plaintiff-Appellant,

   and

RANDY DEAN MORGANFLASH,

        Plaintiff,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; PRISON HEALTH
SERVICES, INC.; ROBERT O.
LAMPERT, in his official capacity as
Wyoming Department of Corrections
Director and individually; SCOTT D.
ABBOTT, in his official capacity as
Wyoming Department of Corrections
State Penitentiary Former Warden and
individually; MICHAEL J. MURPHY,
in his official capacity as Wyoming
Department of Corrections State
Penitentiary Warden and individually;
JOHN COYLE, in his official capacity
as Prison Health Services, Inc.
Medical Director and individually;
KATHERINE MAHAFFEY, in her
official capacity as Prison Health
Services Mental Health Director and
individually; PAMELA NICHOLLS,
in her official capacity as Wyoming
Department of Corrections State
Penitentiary Former Education
Manager and individually; DESIREE

No. 07-8087
(D.C. No. 2:06-CV-00284-CAB)
(D. Wyo.)

LOPEZ, in her official capacity as
Wyoming Department of Corrections
State Penitentiary Mail Room
Supervisor and individually;
MICHELLE BRANNAN, in her
official capacity as Wyoming
Department of Corrections State
Penitentiary Law Clerk and
individually; RODNEY PEACH, in his
official capacity as Wyoming
Department of Corrections State
Penitentiary Sergeant and individually;
TONI NICKELSON, in her official
capacity as Wyoming Department of
Corrections State Penitentiary
Corrections Officer and individually,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Gerald David Shupe Jr. appeals from an order of the district court

dismissing his prison civil-rights action for failure to state a claim. Mr. Shupe

and coplaintiff Randy Dean Morganflash (who is not pursuing an appeal) alleged

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

eight claims for relief in their complaint, but Mr. Shupe now challenges the dismissal only with respect to three: improper handling of inmate mail, denial of access to the prison law library, and abuse of the prison's "temporary restriction order" policy.[1] We exercise de novo review, *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007), and affirm.[2]

## Inmate Correspondence

All the specific factual allegations in the complaint about prison mail involved correspondence between the two plaintiffs (and defendant Desiree Lopez's continuing to handle their mail after being identified as a defendant in a suit concerning that activity). Inmate-to-inmate correspondence was, accordingly, the focus of the district court, which held that the constraints imposed were constitutionally permissible under *Turner v. Safley*, 482 U.S. 78 (1987). Mr. Shupe does not challenge the district court's reasoning in this respect, but argues that the court erred by ignoring a distinct First Amendment claim raised

---

[1]  Mr. Shupe has moved to dismiss his appeal as it involves his claims alleging discussion of personal information by prison staff, gender-based discrimination, inadequate mental health care, inadequate medical care, and excessive use of force. We grant the motion to dismiss.

[2]  Defendants have moved to dismiss this appeal as a sanction for a technical rules violation, noting that Mr. Shupe sought an extension to file his pro se brief after the original time for filing the brief had expired. *See* Objection to Appellant's Request for Extension filed March 3, 2008. Because this court has already granted the extension, *see* Order filed February 21, 2008, such a sanction would be inappropriate.

regarding the prison's handling of inmate correspondence with the media.  The

complaint refers to media mail in one conclusory allegation:

> Mail to and from reporters is to be treated much the same way as
> legal mail.  Media mail is privileged pursuant to <u>Taylor v. Sterrett</u>,
> 532 F.2d 462 (5th Circuit 1976) and must not be opened unless done
> so in the presence of the sending/receiving inmate.  The Wyoming
> State Penitentiary does not treat media mail as privileged [and,] thus,
> censors it.

R. Vol. 1 doc. 1 at 5.  It is true that the district court did not explicitly consider

this allegation.  But, as our review is de novo, we may still affirm if we

independently conclude that the complaint fails to state a claim for censorship of

Mr. Shupe's media mail.  *See Deephaven Private Placement Trading, Ltd. v.*

*Grant Thornton & Co.*, 454 F.3d 1168, 1172 (10th Cir. 2006).

In assessing the legal sufficiency of a complaint, we look to the "well

pleaded facts, as distinguished from conclusory allegations."  *Shero v. City of*

*Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).  In civil-rights actions

against individual government actors, the factual allegations should "make clear

exactly *who* is alleged to have done *what* to *whom*, to provide each individual

with fair notice as to the basis of the claims against him or her, as distinguished

from collective allegations against the state."  *Robbins v. Oklahoma*, 519 F.3d

1242, 1250 (10th Cir. 2008).  No such facts are provided here.  The complaint

does not specify what the alleged "censorship" entailed, who engaged in it, or

whether it even involved any of Mr. Shupe's mail.  Consequently, the district

-4-

court's failure to address the media aspect of the First Amendment claim does not alter our conclusion that the claim was properly dismissed.

### Access to Law Library

The district court rejected Mr. Shupe's claim regarding denial of access to the law library, because he had not alleged that his ability to litigate any specific legal claim had been impaired, as required by *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Mr. Shupe now argues that the requisite injury is shown by the termination of his parental rights in a state adoption proceeding while he was incarcerated. Defendants object that this is a new allegation absent from the complaint and the prison grievances attached to it. Although the matter is not quite as clear-cut as defendants suggest, we agree that the complaint fails to state a claim under *Lewis*.

The complaint alleges that Mr. Shupe was acting pro se in a list of cases, one of which was "Laramie County, Wyoming District Court CASE NO. Unknown–adoption proceedings." R. Vol. 1 doc. 1 at 7. But there is no allegation that his parental rights were at stake in that proceeding. Further, the complaint does not state what legal materials Mr. Shupe needed, but could not access, to engage in that litigation—facts essential to a *Lewis* claim in a prison-law-library case. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). All Mr. Shupe provided was the broad, vague, and conclusory assertion that access to the library was "crucial to his cases." R. Vol. 1 doc. 1 at 7. This

court has made it clear that conclusory allegations will not support a *Lewis* claim. *See Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999).

In any event, a prison's affirmative duty to assist inmates' access to courts (by, for example, creating and providing access to law libraries) is implicated only by challenges to conviction and matters relating to confinement; as for other legal matters, prison officials need only avoid obstructing inmates' own efforts to access the courts. *See Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005); *Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995). The adoption proceedings alluded to in the complaint fall into the latter category, and Mr. Shupe's allegations—that the prison law library did not provide him with materials he wanted—do not state a claim for denial of the limited rights applicable to that category.

**Abuse of Temporary Restriction Order (TRO) Policy**

Mr. Shupe contends that in retaliation for filing grievances and lawsuits, he was placed on a TRO that (1) violated his due process rights, in that prescribed procedures were not followed, and (2) violated his Eighth Amendment rights, in that the TRO was improperly used for a punitive purpose rather than its intended administrative purpose. The district court rejected both claims. It held that due process concerns were not implicated, because Mr. Shupe "fail[ed] to allege any sort of atypical and significant hardship [necessary to trigger due process protections under *Sandin v. Conner*, 515 U.S. 472, 484 (1995),] as a result of [his]

-6-

placement on a TRO." R. Vol. 2 doc. 59 at 13. It held that Eighth Amendment concerns were not implicated, because Mr. Shupe failed to allege the objective and subjective elements for such a claim based on conditions of confinement—namely, an extreme deprivation "denying the minimal civilized measure of life's necessities," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted), and deliberate indifference by the prison official involved, *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

We first address the due-process claim. The complaint focused solely on the alleged procedural omissions and did not address the substantive prerequisite that would make such omissions potentially actionable: there was no allegation that the TRO imposed a significant and atypical hardship; indeed, there were no allegations to indicate what the restrictions were under the TRO. On appeal Mr. Shupe belatedly attempts to fill the gap in his pleadings, setting out several restrictions imposed by the TRO and asserting that they satisfy the *Sandin* standard. "We need not consider 'allegations newly made by [plaintiffs] on appeal, [however], since it is only the sufficiency of the complaint which is being reviewed.'" *Harris v. Champion*, 51 F.3d 901, 908 (10th Cir. 1995) (quoting *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993)). Doing so here would be particularly inappropriate. Mr. Shupe had ample opportunity to address the *Sandin* issue after defendants specifically raised it in a motion filed three months before the district court dismissed the case. And it is not at all clear that

the conditions referred to on appeal (without citation to any record source) would satisfy *Sandin*, given that Mr. Shupe does not claim that there was any effect on the length of his confinement, that he concedes that the TRO lasted less than three weeks, and that (according to defendants' record-supported explanation) the TRO was imposed for legitimate safety reasons based on personal threats to Mr. Shupe. *See Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007) (discussing factors relevant to *Sandin* analysis of conditions imposed in connection with administrative segregation).

As for the Eighth Amendment claim, Mr. Shupe never alleged that the conditions of the TRO caused an extreme deprivation sufficient to implicate constitutional strictures. Rather, he complained that the TRO policy, which he acknowledged had "good uses" administratively, had been "[mis]used as a punitive tool" in his case. R. Vol. 1 doc. 1 at 9-10. This mistakes what the Eighth Amendment requires. Its application does not turn on a characterization of conditions as administrative or punitive, but on whether those conditions deprive an inmate of the "minimal civilized measure of life's necessities." *Hudson*, 503 U.S. at 9. Whatever other impropriety may be alleged as to the use of the TRO, absent such a deprivation there can be no Eighth Amendment claim.

On appeal Mr. Shupe argues that the TRO violated his Eighth Amendment rights because he suffers from depression and prison officials intentionally failed to perform required wellness checks while he was confined under the TRO.

Again, we need not consider this belated allegation, *see Harris*, 51 F.3d at 908, and there is good reason for not doing so. Mr. Shupe had months to shore up his Eighth Amendment claim after it was challenged by defendants, but he never sought to amend his pleadings, much less to add the entirely new and distinct claim for denial of medical care that he now seeks to interject into the case. And that claim still lacks any allegation regarding the requisite "substantial harm" caused by the lack of care during the short term of the TRO. *See Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006) (delay in medical care constitutes Eighth Amendment violation only if it resulted in substantial harm, such as consequent injury or pain), *abrogated on other grounds as explained in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

The judgment of the district court is AFFIRMED. As explained above, Mr. Supe's motion to dismiss the appeal in part is GRANTED, and defendants' motion to dismiss the appeal in its entirety is DENIED. Mr. Shupe's motion for leave to proceed in forma pauperis is GRANTED and he is reminded that he must continue making partial payments until the filing fee is fully paid.

Entered for the Court

Harris L Hartz
Circuit Judge

-9-